UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                                                Chapter 13

Ferdinando Berardini and                    Case No. 15-22920 (RDD)
Jacquelyn Berardini,

                                  Debtors
------------------------------------------------------------x

## OPPOSITION TO CREDITOR'S MOTION FOR RELIEF FROM STAY

The Debtors, Ferdinando Berardini and Jacquelyn Berardini (the "Debtors"), by and through their attorney, James J. Rufo, Esq. of Garvey, Tirelli & Cushner, Ltd., and for their Reply in Opposition to RCN Capital Funding, LLC ("RCN") Motion for Relief from the Automatic Stay state as follows:

      1.      On July 1, 2015, the Debtors, Ferdinando and Jacqueline Berardini filed a petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code (the "Code") and an Order of Relief was duly entered.  (See this Court's Docket ECF No. 1).

      2.      The deadline for filing a proof of claim in the Debtors' case was set at October 29, 2015.  (See this Court's Docket).

      3.      The Debtors' principle residence is located at 175 Stone Avenue, Yonkers, New York 10701.

      4.      The Debtor, Ferdinando Berardini is the sole owner, operator, shareholder and officer of Big M Center LLC ("BMC").

      5.      BMC owns certain real property located at 554 Route 17M, Monroe, New York 10950 (the "Property"). The Debtor Ferdinando Berardini, through BMC, is the owner of a one story restaurant type commercial building of 1,500 s.f. on a 13,600 s.f. lot located at 554 Route 17M, Monroe, New York 10950 (the "Monroe Property").

6.      On or about December 20, 2013, Abbe Edelman, NYS Certified Real Estate Appraiser, License Number 45000018619 and Stan Zardronzy, NYS Certified Real Estate Appraiser, License Number 46000030722 conducted a full interior/exterior commercial appraisal (the "Appraisal") of the Monroe Property and determined that the "AS IS" market value to be approximately $825,000.  (Annexed hereto as **Exhibit "A"** is a copy of the Appraisal).

7.      According to the Appraisal, Mr. Edelman and Mr. Zardonzy stated the following: "It is our opinion that the economic trend is increase and an estimate of marketing and exposure time is 6-9 months"; therefore, based upon the statement made by the appraisers, it is possible that the value of the Monroe Property has increased from the time that Appraisal originally took place.  (See **Exhibit "A"**, pg. 2, ¶2).

8.      The Debtor, Ferdinando Berardini is the sole owner, operator, shareholder and officer of Big Mike's Pizza and Pasta, Inc.  ("BMPP") as same is operated at 554 Route 17M, Monroe, New York 10950.

9.      The Debtors are dependent upon the income derived from the operation of BMPP to pay for their reasonable and necessary household and living expenses, and to fund their chapter 13 plan.

10.     Prior to the date of the Debtors' filing, on or about January 15, 2014, Ferdinando Berardini, on behalf of BMC and Michael and Maria Berardini executed a Commercial Promissory Note (the "Commercial Note") in the original principal amount of $740,000.00 payable to RCN Capital Funding, LLC ("RCN").  The Commercial Note is cross-collateralized and secured by a first priority commercial mortgage on the real property located at 554 Route 17M, Monroe, New York 10950 together with a subordinate mortgage on the Debtors' real property located at 1688 Waterview Loop, Haines, Florida 33844 (the "Florida Property") and a

2

subordinate mortgage on the Ferdinando's non-debtor parents' residence located at 31 Abner Place, Yonkers, New York 10704 (the "Yonkers Property"). (Annexed hereto as **Exhibit "B"** is a copy of the Commercial Note).

11. On January 15, 2014, Ferdinando Berardini on behalf of BMC and Ferdinando's mother and father, Maria Berardini and Michael Berardini executed a Commercial Mortgage Security Agreement and Fixture Filing (the "Commercial Mortgage") granting RCN a first mortgage lien to the Monroe Property and a subordinate mortgage lien to Ferdinando's parents' residence located at 31 Abner Place, Yonkers, New York 10704. (Annexed hereto as **Exhibit "C"** is a copy of said Commercial Mortgage).

12. On January 15, 2014, the Debtors', Ferdinando and Jacquelyn Berardini and BMPP executed a Commercial Guaranty (the "Commercial Guaranty") guaranteeing the Commercial Note. (Annexed hereto as **Exhibit "D"** is a copy of the Commercial Guaranty).

13. On January 15, 2014, the Debtors', Ferdinando and Jacquelyn Berardini executed a mortgage with RCN granting RCN a subordinate mortgage lien on the Debtors' real property located at 1688 Waterview Loop, Haines, Florida 33844 (the "Florida Mortgage"). (Annexed hereto as **Exhibit "E"** is a copy of the Florida Mortgage).

14. On October 29, 2015, RCN filed a proof of claim with this Court's Claims Register in the Debtors' case, Claim No. 24, stating that it holds a Commercial Note and Commercial Mortgage, Commercial Guaranty, Florida Mortgage in the total amount of $872,183.93 with a ***secured*** claim in the amount of $210,000.00[1] and an ***unsecured claim*** in the total amount of $672,183.93. (Annexed hereto as **Exhibit "F"** is a copy of RCN's proof of claim, Claim No. 24).

---

[1] On account of the substantial difference in the values set forth by the parties for the Monroe Property, it may be necessary for the parties to obtain additional appraisals of same in order to settle the instant matter.

3

15. Moreover, RCN's claim values the THREE (3) properties underlying its claim, the Monroe Property, Florida Property and Yonkers Property (the "Properties"), in the total amount of $210,000.00. (See **Exhibit "F"**).

**RCN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER
11 U.S.C. §§ 362(d)(1) AND (2) SHOULD BE DENIED IN ITS ENTIRETY**

16. RCN's Motion should be denied in its entirety as there is substantial equity in the THREE (3) properties as reflected by the secured amount in RCN's proof of claim; and the Monroe Property is necessary to an effective reorganization as the Debtors' are dependent upon the income derived from the operation of BMPP to pay for their reasonable and necessary household and living expenses, and to fund their chapter 13 plan. *In re Morysville Body Works, Inc.*, 86 BR 51 (Bankr. E.D. Pa. 1988)[2].

17. Section 362(d)(1) and (2) of the United States Bankruptcy Code (the "Code") provide:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1) and (2).

---

[2] Despite debtor being 55 months in arrears on mortgage payments, creditor's motion for relief from stay denied on account of the existence of large equity cushion and that debtor's ability to successfully reorganize would be destroyed; however, the court's denial was without prejudice to creditor's right to refile as a result of the fact that debtor's case was pending without submission of a plan and the decrease of equity cushion because of debtor's failure to make scheduled payments. *Id.*

4

18. Furthermore, the prevailing case law of the Second Circuit requires the moving party to make an initial showing of cause as prerequisite for granting relief from the automatic stay as set forth in *In re Sonnax Indus.*, 907 F2d 1280 (2d Cir. 1990)-

> Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than "the debtor's equity in property," 11 U.S.C. § 362 (g)(1). *See* 2 *Collier on Bankruptcy* para. 362.10, at 362-76. If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.

*In re Sonnax Indus.*, 907 F2d 1280, 1285 (2d Cir 1990).

19. Here, RCN has failed to make an initial showing of cause for relief from the automatic stay as to the Properties. RCN bears the burden of establishing a lack of equity and/or lack of adequate protection under 11 U.S.C. § 362(d)(1) and *In re Sonnax, Indus*. *Id*. at 1285.

20. Specifically, RCN has not provided a broker's price opinion ("BPO"), comparative market analysis ("CMA") or an appraisal for any of the Properties subject to Commercial Note.

21. Moreover, post-petition in an effort to resolve valuation issues, the Debtors' provided RCN with full access to the Monroe Property so that a licensed real estate appraiser could conduct a full interior/exterior appraisal of the Monroe Property. The Debtors' confirmed that "someone" did, in fact, visit the Monroe Property on RCN's behalf within the past 30 days and that they were given full access to the property; however, RCN has refused to provide the Debtors' with a copy of its appraisal report.

22. Furthermore, RCN failed to provide an accounting of the total amount of payments past-due pre and post-petition as required under the Local Bankruptcy Rules for Southern District of New York, Rule 4001-1(c).

5

23. In addition, Schedule A of Debtors' petition values the Monroe Property at approximately $830,000.00 as the December 20, 2013 Appraisal valuing same in the amount of approximately $825,000.00.

24. RCN filed a proof of claim with this Court's Claims Register in the Debtors' case, Claim No. 24, stating that it holds a Commercial Note and Commercial Mortgage, Commercial Guaranty, Florida Mortgage in the total amount of $872,183.93 with a ***secured*** claim in the amount of $210,000.00 and an ***unsecured claim*** in the total amount of $672,183.93; therefore, there is an equity cushion in the Monroe Property, alone, of approximately $672,183.93.

25. Second, RCN alleges that there is cause to lift the stay under 11 U.S.C. §362(d)(2)(B), stating that equity cushion is declining, the mortgaged premises are not necessary for an effective reorganization and that RCN's interest in the Property will continue to be prejudiced and harmed if the automatic stay is continued.

26. RCN's allegations are unsupported by fact and without merit as the Debtors' continue to operate their pizzeria (BMPP) from the Monroe Property.

27. Moreover, the Monroe Property is absolutely necessary to the Debtors' ability to successfully reorganize as the continuation of the stay does not prejudice or harm RCN.  Further, the Debtors' are dependent upon the income derived from the operation of BMPP to pay for their reasonable and necessary household and living expenses, and to fund their chapter 13 plan.

28. In the event that the Court determines that the Monroe Property is not property of the estate under 11 U.S.C. § 541, RCN's Motion should not be granted without a valuation hearing in order to determine the current fair market value of the Monroe Property, Yonkers Property and the Florida Property so that the Court may determine whether RCN is entitled to

relief from the automatic as it concerns the Florida Property as same is solely and exclusively by the Debtors' Ferdinand and Jacquelyn Berardini property of the estate under 11 U.S.C. § 541.

29.  Lastly, a valuation hearing will provide the Debtors with the ability to exercise all of their options and rights with respect to the Florida Property under the Bankruptcy Code including, but not limited to, filing a motion to cram-down the first and second mortgages against the Florida Property.

**WHEREFORE**, the Debtors' respectfully request that this Court deny RCN's Motion for Relief from the Automatic Stay in its entirety; and/or in the event that the Court grant's RCN Relief from the Automatic Stay relief should not be granted until recent and current appraisals have been obtained for all three properties; and for such other and further relief as to the Court may deem just and proper.

Dated:  December 2, 2015
        White Plains, New York

                                            Respectfully submitted,

                                            */s/ James J. Rufo*
                                            James J. Rufo, Esq.
                                            *Attorney for Debtors*
                                            Garvey, Tirelli & Cushner Ltd.
                                            50 Main Street, Suite 390
                                            White Plains, New York 10606
                                            (914) 946-2200 / (914) 946-1300
                                            jrufo@thegtc.firm.com